Larry R. Schmadeka (SBN 160400)
David G. Majdali (SBN 210671)
Terry S. Park (SBN 228284)
**LEE, HONG, DEGERMAN, KANG & WAIMEY**
A PROFESSIONAL CORPORATION
660 South Figueroa Street, Suite 2300
Los Angeles, CA 90017
Telephone: (213) 623-2221
Facsimile: (213) 623-2211
lschmadeka@lhlaw.com; dmajdali@lhlaw.com; tpark@lhlaw.com

Attorneys for Defendant
MKW Alloy, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE HI-TECH WHEELS,<br><br>Plaintiff,<br><br>vs.<br><br>MKW ALLOY, INC., DZINESQUARE, INC., AND YOUNG H. KIM,<br><br>Defendants. | Case No.: CV09-05695-VBF (RCx)<br><br>**ANSWER OF DEFENDANT MKW ALLOY, INC. TO PLAINTIFF MOBLIE HI-TECH WHEELS' FIRST AMENDED COMPLAINT**<br><br>**[Filed concurrently with Certification and Notice of Interested Parties (Local Rule 7.1-1) and Corporate Disclosure Statement (FRCP 7.1(a)]**<br><br>Complaint Filed: August 4, 2009<br>Trial Date: None |

Defendant MKW ALLOY, INC. ("MKW") by and through its counsel, hereby respond to the allegations set forth in the First Amended Complaint for Patent Infringement of Plaintiff MOBILE HI-TECH WHEELS ("Plaintiff") as follows:

**JURISDICTION**

1.   MKW admits that this action purports to present a claim for patent

infringement under the patent laws of the United States, 35 U.S.C. § 1, et seq. MKW also admits that this Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a) but denies all remaining allegations contained in paragraph 1.

2. MKW admits that venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) in that MKW is a California corporation with its principal place of business within the Central District of California. As to the remaining allegations in paragraph 2, MKW is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny the remaining allegations in paragraph 2.

## PARTIES

3. MKW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis deny each and every allegation contained therein.

4. MKW admits that it is a California corporation with its principal place of business at 19525 East Walnut Drive South, City of Industry, California 91748.

5. MKW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis deny each and every allegation contained therein.

6. MKW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis deny each

and every allegation contained therein.

## FACTUAL BACKGROUND

7.  MKW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis deny each and every allegation contained therein.

8.  MKW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis deny each and every allegation contained therein.

9.  MKW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis deny each and every allegation contained therein.

10. In response to Paragraph 10 as to the allegations specific to MKW, MKW denies each and every allegation. As to the remaining allegations against the other defendants, MKW is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies the remaining allegations in paragraph 10.

11. In response to Paragraph 11 as to the allegations specific to MKW, MKW denies each and every allegation. As to the remaining allegations against the other defendants, MKW is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies the remaining allegations in paragraph 11.

ANSWER OF DEFENDANT MKW ALLOY, INC. TO PLAINTIFF MOBILE HI-TECH WHEELS' FIRST AMENDED COMPLAINT

12. MKW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and on that basis deny each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

## (PATENT INFRINGEMENT)

13. MKW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis deny each and every allegation contained therein.

14. In response to Paragraph 14 as to the allegations specific to MKW, MKW denies each and every allegation. As to the remaining allegations against the other defendants, MKW is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies the remaining allegations in paragraph 14.

15. In response to Paragraph 15 as to the allegations specific to MKW, MKW denies each and every allegation. As to the remaining allegations against the other defendants, MKW is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies the remaining allegations in paragraph 15.

16. In response to Paragraph 16 as to the allegations specific to MKW, MKW denies each and every allegation. As to the remaining allegations against the other defendants, MKW is without knowledge or information sufficient to form a

belief as to the truth of such allegations and on that basis denies the remaining allegations in paragraph 16.

17. In response to Paragraph 17 as to the allegations specific to MKW, MKW denies each and every allegation. As to the remaining allegations against the other defendants, MKW is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies the remaining allegations in paragraph 17.

18. In response to Paragraph 18 as to the allegations specific to MKW, MKW denies each and every allegation. As to the remaining allegations against the other defendants, MKW is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies the remaining allegations in paragraph 18.

## AFFIRMATIVE DEFENSES

MKW asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Non-infringement)

1. MKW has not infringed any claims of the '459 and '808 Patents nor has it contributed to the infringement of or actively induced others to infringe the '459 and '808 Patents.

///

///

## SECOND AFFIRMATIVE DEFENSE

### (Ordinary Observer Test)

2. MKW has not infringed any claims of the '459 and '808 Patents under the "ordinary observer" test. *See Egyptian Goddess, Inc. v. Swisa* (2008) 543 F. 3d 665, 678

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

3. The '459 and '808 Patents are invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, at least one or more sections of 35 U.S.C. §§ 101, 102, 103 and 112.

## FOURTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct)

4. Discovery may demonstrate evidence that the '459 and '808 Patents are unenforceable by reason of Plaintiff and/or Plaintiff's assignor's inequitable conduct before the United States Patent and Trademark Office.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. Discovery may demonstrate that Plaintiff is estopped from asserting or maintaining a construction of the '459 and '808 Patents, or any claims thereof, that would cover or read upon any wheel made, used, offered for sale, sold, or imported by MWK because of, but not limited to, statements made by Plaintiff and/or

Plaintiff's assignor's to the United States Patent and Trademark Office during prosecution of the '459 and '808 Patents.

### SIXTH AFFIRMATIVE DEFENSE

### (Laches, Waiver, and/or Estoppel)

6. Discovery may demonstrate evidence that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches, waiver, and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

7. Discovery may demonstrate evidence that Plaintiff, through its First Amended Complaint for Patent Infringement, is barred from recovering damages under the patent laws of the United States, including, but not limited to, 35 U.S.C. § 287.

### EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8. Discovery may demonstrate evidence that Plaintiff is precluded and barred from any recovery of damages or other relief by reason of Plaintiff's unclean hands.

///

///

///

///

## NINTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

9. MKW alleges that Plaintiff's claims are barred because Plaintiff would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the First Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

10. As a separate and affirmative defense to the First Amended Complaint herein and to each purported cause of action thereof, MKW alleges that the purported claims and causes of action against MKW are barred, in whole or in part, by any applicable statute of limitations, including, 35 U.S.C. § 286.

## ELEVENTH AFFIRMATIVE DEFENSE

(Indemnification and Contribution)

11. As a separate and affirmative defense to the First Amended Complaint herein and to each purported cause of action thereof, MKW alleges that if it is established that MKW is in any manner legally responsible for any of the damages claimed by Plaintiff in the causes of action in its First Amended Complaint, such damages were proximately caused by other defendants in this case or other persons or entities not yet parties in this action and over whom MKW has no control, and MKW is entitled to indemnity or contribution from these other parties

## TWELFTH AFFIRMATIVE DEFENSE

(Additional Defenses)

12. MKW reserves the right to amend its Answer to assert further affirmative defenses that are not presently known but may become known and available through further investigation and discovery.

## PRAYER

**WHEREFORE,** Defendant MKW respectfully prays as follows:

1. For judgment in favor of MKW and against Plaintiff;

2. For dismissal of the First Amended Complaint with prejudice;

3. For costs of suit and reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

Dated: September 29, 2009

LEE, HONG, DEGERMAN, KANG & WAIMEY

By: /s/ Larry R. Schmadeka
Larry R. Schmadeka
David G. Majdali
Terry S. Park
Attorneys for Defendant
MKW Alloy, Inc.

ANSWER OF DEFENDANT MKW ALLOY, INC. TO PLAINTIFF MOBILE HI-TECH WHEEL'S FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

I, Mimi Cho, declare as follows:

I am employed in the County of Los Angeles, State of California by the law firm of Lee, Hong, Degerman, Kang & Waimey (the "Firm"). I am over the age of 18 years and not a party to the within action. My business address is 660 South Figueroa, Suite 2300, Los Angeles, CA 90017.

On September 29, 2009, I served on all interested parties the foregoing document described as: **ANSWER OF DEFENDANT MKW ALLOY, INC. TO PLAINTIFF MOBLIE HI-TECH WHEELS' FIRST AMENDED COMPLAINT**

| | |
|---|---|
| Edward R. Swartz, Esq.<br>CHRISTIE, PARKER & HALE, LLP<br>350 West Colorado Blvd., Suite 500<br>Pasadena, CA 91109 | Attorney for Plaintiff Mobile Hi-Tech Wheels |

\_\_\_   **Service by E-Mail or Electronic Transmission.**  Based on a court order or written agreement of the parties to accept service by e-mail or electronic transmission, I declare that I transmitted the foregoing document via e-mail, or as indicated by first class postal mail, to the above named on the date indicated thereby.

_X_   **Service by U.S. Mail.**  I am "readily familiar" with this firm's business practice for the collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day with postage thereon fully prepaid at Los Angeles, California. Each sealed envelope was placed for collection and mailing on that date following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_   **Service by Express Service Carrier.**  On _____, at my place of business at 660 South Figueroa Street, Suite 2300, Los Angeles, California 90017, I deposited in a box or other facility regularly maintained by (**D H L**), an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a copy of the above listed document, together with an signed copy of this declaration, in an envelope designated by the said express service carrier, with delivery fees paid or provided for, addressed to the person(s) listed herein.

_X_   **FEDERAL.**  I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

Executed on September 29, 2009, at Los Angeles, California.

_____
Mimi Cho