1 | EVAN M. KENT (SBN 158912),
emk@msk.com
2 | ALEXA L. LEWIS (SBN 235867),
all@msk.com
3 | MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
4 | Los Angeles, California 90064-1683
Telephone: (310) 312-2000
5 | Facsimile: (310) 312-3100

6 | Attorneys for Defendants,
DZINESQUARE, INC., and YOUNG H. KIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MOBILE HI-TECH WHEELS, | CASE NO. CV09-05695-VBF (RCx) |
|---|---|
| Plaintiff, | **ANSWER OF DEFENDANTS DZINESQUARE, INC., AND YOUNG H. KIM, TO PLAINTIFF MOBILE HI-TECH WHEELS' SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| v. | |
| DEFENDANTS ALLOY, INC., DZINESQUARE, INC., and YOUNG H. KIM, | |
| Defendants. | |

Mitchell Silberberg & Knupp LLP

2480674.1

Defendants DZINESQUARE, INC. ("Dzinesquare"), and YOUNG H. KIM ("Kim") (collectively, "Defendants") by and through their counsel, hereby respond to the allegations set forth in the Second Amended Complaint for Patent Infringement of Plaintiff MOBILE HI-TECH WHEELS ("Plaintiff") as follows:

## JURISDICTION

1. Defendants admit that this action purports to present a claim for patent infringement under the patent laws of the United States, 35 U.S.C. §1, et seq. Defendants also admit that this Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. §1338(a) but deny all remaining allegations contained in paragraph 1.

2. Defendants admit that venue is proper under 28 U.S.C. §§1391(b) and 1400(b) in that Dzinesquare is a California corporation with its principal place of business within the Central District of California, and Kim is a resident of California. As to the remaining allegations in paragraph 2, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny the remaining allegations in paragraph 2.

## PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis deny each and every allegation contained therein.

Mitchell Silberberg & Knupp LLP
2480674.1

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis deny each and every allegation contained therein.

5.      Defendants admit that Dzinesquare does business as II Crave or 2 Crave, that Dzinesquare is a corporation organized under the laws of the State of California, and that Dzinesquare has a principal place of business at 14770 East Firestone Blvd., No. 217, La Mirada California, 90638, but deny all remaining allegations contained in paragraph 5.

6.      Defendants admit that Kim is the CEO of Dzinesquare, but deny all remaining allegations contained in paragraph 6.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis deny each and every allegation contained therein.

## **FACTUAL BACKGROUND**

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis deny each and every allegation contained therein.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis deny each and every allegation contained therein.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis deny each and every allegation contained therein.

11. In response to Paragraph 11 as to the allegations specific to Defendants, Defendants deny each and every allegation. As to the remaining allegations against MKW Alloy, Inc. ("MKW") and Dare Technologies, Inc. ("Dare"), Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny the remaining allegations in paragraph 11.

12. In response to Paragraph 12 as to the allegations specific to Defendants, Defendants deny each and every allegation. As to the remaining allegations against MKW and Dare, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny the remaining allegations in paragraph 12.

13. Defendants admit that Exhibits E and F to the Second Amended Complaint purport to be correspondence between MHT and II Crave, state that the contents of those documents speak for themselves, and deny all remaining allegations contained in paragraph 13.

### FIRST CLAIM FOR RELIEF
**(Patent Infringement)**

14. Defendants repeat and reallege herein their responses to the allegations contained in paragraphs 1 through 13 hereinabove.

15. In response to Paragraph 15 as to the allegations specific to Defendants, Defendants deny each and every allegation. As to the remaining allegations against MKW and Dare, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny the remaining allegations in paragraph 15.

16. In response to Paragraph 16 as to the allegations specific to Defendants, Defendants deny each and every allegation. As to the remaining allegations against MKW and Dare, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny the remaining allegations in paragraph 16.

17. In response to Paragraph 17 as to the allegations specific to Defendants, Defendants deny each and every allegation. As to the remaining allegations against MKW and Dare, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny the remaining allegations in paragraph 17.

18 In response to Paragraph 18 as to the allegations specific to Defendants, Defendants deny each and every allegation. As to the remaining allegations against MKW and Dare, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny the remaining allegations in paragraph 18.

19 In response to Paragraph 19 as to the allegations specific to Defendants, Defendants deny each and every allegation. As to the remaining allegations against MKW and Dare, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and on that

Mitchell
Silberberg &
Knupp LLP

2480674.1

basis deny the remaining allegations in paragraph 19.

## PRAYER FOR RELIEF

20.   Defendants deny that Plaintiff is entitled to recover any of the damages sought in its Prayer for Relief, and deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

1.   The Second Amended Complaint, and each alleged claim therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

2.   Defendants have not infringed any claims of the '459 and '808 Patents nor have they contributed to the infringement of or actively induced others to infringe the '459 and '808 Patents.

Mitchell
Silberberg &
Knupp LLP

2480674.1

### THIRD AFFIRMATIVE DEFENSE
### (Ordinary Observer Test)

3.  Defendants have not infringed any claims of the '459 and '808 Patents under the "ordinary observer" test. *See Egyptian Goddess, Inc. v. Swisa*, 543 F.3d 665 (2008).

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

4.  The '459 and '808 Patents are invalid and unenforceable for failure to meet the requirements of the patent laws of the United States, including, but not limited to, at least one or more sections of 35 U.S.C. §§101, 102, 103 and 112.

### FIFTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

5.  The '459 and '808 Patents are unenforceable by reason of Plaintiff and/or Plaintiff's assignor's inequitable conduct before the United States Patent and Trademark Office.

### SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

6.  Plaintiff is estopped from asserting or maintaining a construction of the '459 and '808 Patents, or any claims thereof, that would cover or read upon any wheel made, used, offered for sale, sold, or imported by Defendants because of, but not limited to, statements made by Plaintiff and/or Plaintiff's assignor to the

United States Patent and Trademark Office during prosecution of the '459 and '808 Patents.

### SEVENTH AFFIRMATIVE DEFENSE
**(Laches, Waiver, Acquiescence and/or Estoppel)**

7. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches, waiver, acquiescence and/or estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
**(Failure to Provide Notice)**

8. Plaintiff, through its Second Amended Complaint for Patent Infringement, is barred from recovering damages under the patent laws of the United States, including, but not limited to, 35 U.S.C. §287.

### NINTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

9. Plaintiff is precluded and barred from any recovery of damages or other relief by reason of Plaintiff's unclean hands.

### TENTH AFFIRMATIVE DEFENSE
**(Unjust Enrichment)**

10. Plaintiff's claims are barred because Plaintiff would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Second Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11. The purported claims and causes of action against Defendants are barred, in whole or in part, by any applicable statute of limitations, including, 35 U.S.C. §286.

## TWELFTH AFFIRMATIVE DEFENSE

### (Indemnification and Contribution)

12. If it is established that Defendants are in any manner legally responsible for any of the damages claimed by Plaintiff in the causes of action in its Second Amended Complaint, such damages were proximately caused by the other defendant in this case or other persons or entities not yet parties in this action and over whom Defendants have no control, and Defendants are entitled to indemnity or contribution from these other parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

13. The patents asserted by Plaintiff are unenforceable because their owner has engaged in patent misuse by, without limitation, seeking to extend and/or extending its patent monopoly beyond the scope of the patent claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Innocent Conduct)

14. As to each claim in the Complaint alleged against Defendants, Defendants' acts, conduct, or omissions have been innocent, not deliberate, knowing or willful.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

15. As to each claim in the Complaint alleged against Defendants, to the extent that Plaintiff's allegations are meritorious, then to the extent that Plaintiff's products received increased publicity and/or sales resulting from Defendants' products, Defendants are entitled to an offset for such publicity and sales.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure To Mitigate)**

16. On information and belief, Plaintiff has failed to mitigate its damages, if any such damages exist.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Alter Ego)**

17. Defendants deny that they are the alter ego of the other.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

18. Defendants reserve the right to amend their Answer to assert further affirmative defenses that are not presently known but may become known and available through further investigation and discovery.

**PRAYER**

WHEREFORE, Defendants DZINESQUARE, INC., and YOUNG H. KIM respectfully pray as follows:

Mitchell Silberberg & Knupp LLP
2480674.1

1. For judgment in favor of Defendants DZINESQUARE, INC., and YOUNG H. KIM and against Plaintiff;

2. For dismissal of the Second Amended Complaint with prejudice;

3. For costs of suit and reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

DATED: December 17, 2009

EVAN M. KENT
ALEXA L. LEWIS
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Alexa L. Lewis
Alexa L. Lewis
Attorneys for Defendants,
DZINESQUARE, INC., and YOUNG H. KIM

## DEMAND FOR JURY TRIAL

Defendants Dzinesquare, Inc. and Young H. Kim demand a trial by jury on all issues triable to a jury.

DATED: December 17, 2009

EVAN M. KENT
ALEXA L. LEWIS
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Alexa L. Lewis
Alexa L. Lewis
Attorneys for Defendants,
DZINESQUARE, INC., and YOUNG H. KIM

Mitchell Silberberg & Knupp LLP

2480674.1